IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Antonio Simmons, | ) | C/A No. 0:17-1878-RMG-PJG |
|---|---|---|
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| State, | ) | |
| Respondent. | ) | |

The petitioner, Antonio Simmons, a self-represented prisoner confined at the Charleston County Detention Center, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief can be granted.

I. **Factual and Procedural Background**

Petitioner filed this case using a standardized habeas corpus form, or "Form AO 242." In the section titled "Grounds for Your Challenge in This Petition," Petitioner alleges his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments have been violated. However, Petitioner did not write anything in the accompanying section titled "Supporting Facts." Nor did Petitioner complete the section titled "Request for Relief." And while Petitioner indicates he is in pretrial detention in Charleston County, it is not clear on what charge he is being held. Petitioner attached several sheets of paper to the standardized form with handwritten information concerning Petitioner's state criminal charges, but the court is unable to discern what information Petitioner

*PJG*

seeks to convey to the court. In the handwritten pages, Petitioner references federal and state criminal investigations that both include grand juries. But mostly, the information provided by Petitioner lacks coherence. At the end of the handwritten pages, Petitioner lists "lost wages, and pain and suffering, mentally ill, slander/defamation of character."

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



B.  Analysis

The court finds the Petition should be dismissed because Petitioner fails to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]") Petitioner's pleading does not identify for the court the relief he requests, the grounds for such relief, or even facts that would show the court has jurisdiction over this matter.[2]  Therefore, the Petition fails to comply with even the minimum standards of pleading as required by the Federal Rules of Civil Procedure.  See Iqbal, 556 U.S. at 677-78 (describing the pleading standards provided by Federal Rule of Civil Procedure 8(a)(2)).

III. Conclusion

Accordingly, the court recommends that the Petition be dismissed without prejudice and without requiring the respondent to file a return.

August 16, 2017
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[2] Petitions for a writ of habeas corpus most commonly seek to challenge the fact or duration of a detainee's confinement, see generally Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973), but Petitioner provides no indication he seeks to invalidate his detention.  To the extent he seeks damages for a violation of his civil rights, such relief is not available in a petition for a writ of habeas corpus.  See id. at 494.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).