# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| Antonio Simmons, | ) | Case No.: 0:17-cv-1878 |
|---|---|---|
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| State, | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge recommending that Petitioner's habeas petition be dismissed for failure to state a claim upon which relief can be granted. (Dkt. No. 6.) For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. The habeas petition is dismissed for failure to state a claim upon which relief can be granted.

## I. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Discussion

Petitioner is confined at the Charleston County Detention Center and is proceeding *pro se*. He filed this case using a standardized habeas corpus form, or "Form AO 242." (Dkt. No. 1.) As the Magistrate explained in the R. & R., although Petitioner claims that several of his constitutional rights have been violated, he has provided no information in the Supporting Facts section of the form. Petitioner has attached some handwritten pages to the standardized form, but those pages are incoherent. The Court cannot discern what information Petitioner intends to convey and on what grounds he intends to proceed. Petitioner has not filed any objections to the R. & R. This Court finds that the Magistrate has correctly applied the controlling law to the facts of this case.

## III. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 6) as the order of the Court. The Petition is summarily dismissed for failure to state a claim upon which relief can be granted.

## IV. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 26, 2017
Charleston, South Carolina